**RIVER BARGES, INC., and The Hartford Fire Insurance Company,**
**Plaintiffs,**       .

v.

**M/V JESSE BRENT and M/V SALLY B,**
**their engines, tackle, apparel, etc.,**
**in rem, et al., Defendants,**

**and**

**David B. TAYLOR and Edley H. Jones, Inc. d/b/a Taylor-Jones Agency, a partnership, Third-Party Defendants.**

**No. GC 71–46–S.**

United States District Court,
N. D. Mississippi,
Greenville Division.

July 16, 1974.

L. J. Lautenschlaeger, Jr., of Faris, Ellis, Cutrone, Gilmore & Lautenschlaeger, New Orleans, La., Frank S. Thackston, Jr., of Lake, Tindall, Hunger & Thackston, Greenville, Miss., for plaintiffs.

James L. Robertson of Campbell, DeLong, Keady, Robertson & Hagwood, Greenville, Miss., for defendants.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

All issues in this multi-party action have been settled and adjusted to the satisfaction of the parties, except the claims asserted by plaintiff Hartford Fire Insurance Company (Hartford) against the third-party defendant, Taylor-Jones Agency, a partnership composed of David B. Taylor and Edley H. Jones, Jr. Taylor and Jones operate a general insurance agency at Vicksburg, Mississippi. The transaction of which complaint is herein made was handled for the partnership in its entirety by Jones. For this reason where reference is made in this memorandum to the third-party defendant the court will designate such third-party defendant as "Jones".

During all pertinent times Jones represented Hartford in the Vicksburg area. As the result of such representation Hartford issued through Jones to River Barges, Inc. a Mississippi corporation at Vicksburg (River Barges) a hull policy of insurance covering the Barge Quin (Quin). The Quin was in the tow of Brent Towing Co., Inc. (Brent) on February 12, 1970, when the tow collided with the tow of the M/V SALLY B, owned by Greenville Transportation Co. (Greenville). Hartford paid River Barges the sum of $49,290.20 toward the costs of the repairs to the Quin.

On May 22, 1970 the Quin was in the tow of the M/V RUTH BRENT, a vessel owned by Brent, when the tow collided with the tow of the M/V W. F. FREDEMAN owned by the Port Arthur Towing Co. (Port Arthur). Hartford paid River Barge the sum of $11,511.00 toward the costs of these repairs.

Thereafter, Hartford sued Brent and Greenville in the action sub judice, seeking to recover by way of subrogation, $49,290.20 which Hartford paid River Barges on account of the February 12, 1970 damages to the Quin. Hartford also sued Brent and Port Arthur in the United States District Court for the Eastern District of Louisiana, seeking to recover by way of subrogation the amount which Hartford paid River Barges, on account of the May 22, 1970 collision.

Brent, as one of the defenses claimed in the actions aforesaid, asserted that a condition of its towage of the Quin was that River Barges would designate Brent as one of the named insureds in the Hartford hull policy on the barge. The contention was also made that Jones agreed to include Brent as one of the named insureds in Hartford's policy.

There is no need for the court to further elaborate on this feature of the case, except to say that Hartford, Brent, River Barges, Greenville and Port Arthur adjusted and settled the differences which existed between them. In the settlement which followed, Brent and River Barges assigned to Hartford such claims as they have against Jones for his alleged failure to have Brent named as an additional insured in Hartford's policy on the Quin.

Hartford also contends that Jones knew of the alleged charter of the Quin by River Barges to Brent and failed to give it notice thereof. Hartford contends, therefore, that Jones is liable to it for all loss which Hartford sustained as the results of the collisions, and which Hartford would not have sustained had such notice been given.

Jones has been brought into the action as a third-party defendant. Hartford seeks recovery against Jones for all losses sustained by Hartford, Brent and River Barges occasioned by the failure

of Jones to add Brent as a named insured on the hull policy and to notify Hartford of the charter party on the Quin as above mentioned.

The action has been heard by the court and is now ripe for decision.

The threshold question relates the involvement of Jones in the matters at hand.

Plaintiff contends that Jones agreed with River Barges and Brent to have Hartford name Brent as an insured in the policy. This was not done. The burden rests upon plaintiff to prove this fact by a preponderance of the evidence. Plaintiffs' witness Golding testified that before the policy was actually issued he requested that Brent be named as an additional insured in the policy and that Jones agreed to have this done. Jones denies that this request was made at any time prior to April 14, 1970. The evidence reflects that the policy was delivered after Golding claims to have made the request mentioned. The policy did not name Brent as an insured; yet, it was accepted without objection.

The evidence in the case convinces the court that at no time prior to April 14, 1970, was Jones requested by any party to have Brent named as an additional insured in Hartford's hull policy on the Quin.

Jones was requested by River Barges on April 14, 1970, to secure an endorsement for the policy to name Brent as an additional insured. The parties knew that Jones could not bind Hartford in that regard and that the request must be sent to Hartford for its consideration. The court finds that the evidence supports the contention that Jones diligently undertook to have Brent named as an insured in the policy with waiver of subrogation, and, that through no fault on his part, Hartford refused to make the endorsement. The court further finds that Jones did not at any time advise anyone that Brent had in fact been named as an additional insured in the policy.

The evidence in the action supports the proposition that River Barges committed the Quin to Brent for use in Brent's tow, and that Brent took charge of the barge when its construction had been completed. The court finds, however, that this fact was not made known to Jones until July 29, 1970, at a time after the collisions had occurred.

The court finds, in summary, that at no time relevant to this action did Jones breach any duty owed to River Barges and/or Brent, nor did he, at any time, fail to exercise reasonable care and diligence in his dealings with either of them. The court also finds that at no time relevant to this action did Jones breach any duty which he owed Hartford under his agency agreement or otherwise. Since the court has disposed of the issue which is dispositive of the action, it is not necessary for the court to consider or to determine the other issues which have been submitted to the court by counsel.

This court has admiralty and maritime jurisdiction of this action pursuant to the provisions of 28 U.S.C.A. § 1333; also diversity jurisdiction pursuant to 28 U.S.C.A. § 1332(a)(1).

The findings of fact adopted by the court, as hereinbefore set forth, do not sustain the cause of action asserted by plaintiff, and the third-party defendant is entitled to have the complaint dismissed on the merits at the costs of plaintiff.

Accordingly, let a judgment be entered dismissing the complaint on the merits, denying any recovery for plaintiff, and assessing plaintiff with the costs.